UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00512-FDW-DSC

| | |
|---|---|
| RONALD K. THOMAS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| THE RIGHT CHOICE MWM, INC., ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant The Right Choice MWM, Inc's ("Defendant") Motion to Compel Arbitration or Alternatively to Stay and Memorandum in Support pursuant to Federal Rule of Civil Procedure 12(b)(1), (Docs. No. 8, 9), Plaintiff's Response to Defendant's Motion to Compel Arbitration or Alternatively to Stay, (Doc. No. 17), and Defendant's Reply in Support. (Doc. No. 18). Having carefully considered the parties' motion, memoranda, and affidavit in Support, the Court GRANTS Defendant's Motion.

## BACKGROUND

Plaintiff filed the Complaint Pro se in the above-captioned case against his Employer, Defendant, alleging violations of Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. (Doc. No. 1). Defendant filed a Motion to Compel Arbitration or Alternatively to Stay citing an employment agreement signed by both parties that contained an express arbitration clause. (Docs. No. 8, 9, 11-1). Quoted fully in both the Plaintiff and Defendant's briefs, (Docs. No. 9, 17), the arbitration clause states, in pertinent part:

> **Arbitration:** Any controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by arbitration in

> accordance with the rules of the American Arbitration Association, and Judgment upon the award rendered by any Court having jurisdiction thereof, for the purpose, the parties hereto consent to the jurisdiction and venue of an appropriate court located in Mecklenburg County, State of North Carolina. . . .

Defendant contends that the arbitration clause within the employment agreement is enforceable under both the Federal Arbitration Act (the "FAA") and the North Carolina Revised Uniform Arbitration Act ("NCRUAA"). Plaintiff responded to Defendant's Motion, requesting the Court decline to enforce the clause because its language is overly broad and "seems to cover almost any conceivable dispute that could arise from interactions between the parties." (Doc. No. 17). Plaintiff also argues he did not agree to arbitrate because at the time he read and signed the contract he was "unaware" that the clause would encompass an employment discrimination claim. (Doc. No. 17).

## DISCUSSION

The FAA mandates the enforcement of arbitration agreements where such agreements (1) are valid under general principles of contract law and (2) are part of a contract or transaction involving interstate commerce. See 9 U.S.C. § 2. Under the NCRUAA, "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for revoking a contract." N.C. Gen. Stat. § 1-569.6(a) (2007).

When an enforceable arbitration agreement exists, and the issues in the dispute fall within its scope, a federal district court must stay the proceedings on a party's motion to compel when the other has "failed, neglected, or refused to comply with an arbitration agreement." Gilmer v. Interstate /Johnson Lane Corp., 500 U.S. 20, 25 (1991) (citing 9 U.S.C. §§ 3, 4); see also Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002) ("A district court therefore has no choice

but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.")

It appears to the Court that the arbitration agreement at issue is valid and enforceable under general principles of North Carolina contract law. Plaintiff read and signed the unambiguous employment agreement, including the clause, representing he agreed to and understood the terms. (Doc. No. 17). Plaintiff submitted to the Court that he read and signed the agreement with full knowledge of the arbitration clause and its "cover[age of] almost any conceivable dispute that could arise[,]" yet he refuses to comply. (Doc. No. 17).

The clause also falls within the FAA because Plaintiff's employment relationship with Defendant involved and affected interstate commerce. (Docs. No. 9, 17). As a mental healthcare provider, Defendant is engaged in interstate commerce by providing medical services to citizens of both North and South Carolina, thus an employment contract between Defendant and one of its employees "involves commerce." Schmitt v. SSC Statesville Brian Ctr. Operating Co., 2008 WL 1745870, 3:07CV321 (W.D.N.C. April 11, 2008) (compelling arbitration where valid arbitration clause affected commerce because Employer provided medical services and treatment to patients from other states, accepted payment from multi-state insurance carriers and received products from out of state vendors) (internal citations omitted); see also Moye v. Duke Univ. Health Sys., Inc., 2007 WL 1652542, 1:06CV00337 (M.D.N.C. June 5, 2007) (compelling arbitration where valid employment agreement affected commerce because Employer provided medical services).

Plaintiff's Complaint and Charge of Discrimination allege violations of the Age Discrimination Act, the Americans with Disabilities Act, and the existence of a hostile work environment. (Doc. No. 1). These allegations specifically relate to Plaintiff's work environment

leading up to his termination. Consequently, the specific issues in the dispute relate to Plaintiff's employment and/or termination of employment and clearly fall within the scope of the arbitration clause.

Plaintiff's contention that he was "unaware" the clause would encompass statutory claims is unavailing because Plaintiff acknowledges that the clause "cover[s] any conceivable dispute that could arise[.]" (Doc. No. 17). Plaintiff's second argument that "courts have held arbitration does not apply to Title VII claims[,]" (Doc. No. 17), was specifically rejected in <u>Gilmer v. Interstate/Johnson Lane Corporation</u> when the United States Supreme Court affirmed a Fourth Circuit Order Compelling Arbitration. 500 U.S. at 26, 33-35 (applying the FAA to the ADEA, "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA.")

Even further, Plaintiff would not be prejudiced by the clause's enforcement because the litigation is only in its beginning stages, and neither party has yet expended significant amounts of time or money.

Plaintiff's clear, written and signed agreement with Defendant to resolve employment-related disputes through binding arbitration fully satisfies the requirements of North Carolina law for enforceable arbitration agreements. Moreover, the clause is valid under the requirements for compelling arbitration under the FAA.

Accordingly, Defendant's Motion to Compel Arbitration is GRANTED, Defendant's alternative request for a STAY pending arbitration is GRANTED, and Defendant's request for dismissal is DENIED. The parties are ORDERED to proceed to arbitration and submit reports to

the Court every ninety (90) days.  The dispute must be resolved within twelve (12) months from the date of this Order.[1]  Failure to do so will result in Court action.

      IT IS SO ORDERED.

Signed: April 22, 2014

Frank D. Whitney
Chief United States District Judge

---

[1] 12 (twelve) months is the standard timeline for civil disputes brought before this Court.  <u>Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney</u>, Misc. No. 3:07-MC-47.  The time limit was put in place to protect all parties' interests and promote judicial efficiency.