UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00512-FDW-DSC

| RONALD K. THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| THE RIGHT CHOICE MWM, INC., | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant The Right Choice MWM, Inc.'s ("Defendant's") Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for lack of prosecution. (Doc. No. 28). Defendant contends that Plaintiff has failed to comply with this Court's order compelling arbitration of Plaintiff's claims. Further, Defendant states Plaintiff has withdrawn his request for arbitration before the American Arbitration Association ("AAA") in violation of this Court's order. For the reasons stated below, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

On January 15, 2013, pro se Plaintiff Ronald K. Thomas, filed Charge No. 430-2013-00709 with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age and disability. (Doc. No. 1). On July 18, 2013, the EEOC issued Plaintiff a "Right to Sue" letter, notifying him of his statutory right to file suit based on his EEOC charge under federal law within ninety (90) days of receipt of the "Right to Sue" letter. Id.

Plaintiff filed the this action on September 13, 2013, alleging claims for relief of a hostile

1

work environment in violation of the American with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA"). Id. Subsequently, Defendant filed a motion to compel arbitration or alternatively to stay, citing an employment agreement signed by both parties that contained an express arbitration clause. (Docs. No. 8, 9, 11-1). On April 23, 2014, this Court granted Defendant's motion to compel arbitration and Defendant's alternative request for a stay pending arbitration and denied Defendant's request for dismissal of this action. (Doc. No. 19). Furthermore, the Court ordered the parties to proceed to arbitration and to submit reports to the Court every ninety (90) days. Id. Additionally, this Court ordered the dispute be resolved within twelve (12) month from the date of the order, which was dated April, 23, 2014. Id.

In Plaintiff's status report dated July 21, 2014, Plaintiff requested Defendant be responsible for the cost of arbitration. (Doc. No 20). The Court denied Plaintiff's request without prejudice to be raised before the arbitrator. (Doc. No. 22). Plaintiff stated in his following status report that he filed for hardship consideration with the AAA, and a decision was made to defer the initial filing fees until the conclusion of the case. (Doc. No. 23).

On July 22, 2014, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), which this Court denied. (Docs. No. 21, 22, 28). However, this Court stated that "failure to arbitrate within the court mandated time limit is in direct contravention to this Court's Order and could result in dismissal of Plaintiff's action." (Doc. No. 22). On February 27, 2015, Plaintiff emailed the Case Administrator for the AAA, Bryan Corbett, to inform him that he is unable to proceed with his claims due to the arbitration fee requested and is withdrawing his claims against Defendant. (Doc. No. 28-1). Mr. Corbett subsequently informed Defendant that this matter has been closed by the AAA. (Doc. No. 28-2).

2

On March 13, 2015, Defendant filed the current motion to dismiss. (Doc. No. 28). Plaintiff failed to file a response before the March 30, 2015, deadline. On April 13, 2015, this Court issued a Roseboro notice[1] advising Plaintiff that his failure to respond may result in dismissal of his Complaint, and any such dismissal operates as an adjudication on the merits. (Doc. No. 29). The deadline for Plaintiff to respond has passed, and Plaintiff has filed no such response.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides for an involuntary dismissal "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Traditionally, before a district court may dismiss an action for failure of the plaintiff to prosecute, it must consider the following four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Willingham v. Cline, No. 1:13-CV-181-FDW, 2013 WL 4774789, at *2 (W.D.N.C. Sept. 5, 2013) (citing Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)). Further, in some instances the Fourth Circuit described a broader set of factors to be considered before granting a motion to dismiss with prejudice. United States v. Shaffer Equip. Co., 11 F.3d 450, 462-63 (4th Cir. 1993). However, the Fourth Circuit has held that "[a] district court need not engage in a rigid application of this test [] when a litigant has ignored an express warning

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

that failure to comply with an order will result in dismissal of his claim." Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D. Va. 2001) (internal citations omitted).

## ANALYSIS

Plaintiff has failed to respond and comply with two orders of the Court, both of which expressly admonished him that failure to respond and comply with the Court's order could result in dismissal of this action.

The Court finds that an extensive application of the broader test is not appropriate. However, in briefly applying the four factors listed above the Court must first consider Plaintiff's degree of personal responsibility. Regardless of Plaintiff's pro se status, he must still adhere to the Court's arbitration order. Although Plaintiff filed timely status reports to the Court, as noted in Plaintiff's email to Mr. Corbett, Plaintiff expressly stated he is withdrawing his claim against Defendant, and thus is personally responsible for failing to comply with this Court's arbitration order. Unlike cases where the plaintiff's attorney is responsible for failing to follow a court's order, here, Plaintiff does not have an attorney or other representative that could be the cause of noncompliance with this Court's order. See Claitt v. Newcomb, 943 F.2d 48 (4th Cir. 1991) (reasoning that the first factor did not weigh strongly in favor if dismissal because it was not clear whether the plaintiff or his attorney were responsible for the delays). Thus, Plaintiff's responsibility weighs in favor of dismissal.

Second, Defendant is prejudiced by Plaintiff's failure to comply with the arbitration order. Most importantly, the Court found that Plaintiff is compelled to resolve the matter through arbitration, citing the express arbitration agreement Plaintiff agreed to at the beginning of his employment with Defendant. Thus, if the Court was to hold that the case did not have to be

4

resolved by arbitration, it would open Defendant to costly litigation expenses, delay resolution of this matter, and contradict its own order enforcing the arbitration agreement. Therefore, this factor weighs in favor of dismissal.

Third, in deciding whether there is a history of deliberately proceeding in a dilatory fashion during this litigation the Court considered factors including: Plaintiff's refusal to comply with this Court's arbitration order, Plaintiff's failure to respond to Defendant's motion to dismiss, and Plaintiff's failure to respond to this Court's Roseboro notice. Thus, Plaintiff's lack of timeliness in responding weighs in favor of dismissal.

Lastly, the fourth factor asks the Court to consider whether sanctions short of dismissal would be effective. Here, this Court previously denied Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), and thus afforded Plaintiff additional time to complete arbitration as required by this Court's order. However, in opposition to the Court's arbitration order, Plaintiff did not complete arbitration and in fact withdrew his claim from the AAA. Thus, by failing to abide by this Court's order to fully arbitrate this matter, Plaintiff has prevented the matter from being resolved in accordance with this Court's order. Additionally, this Court ordered the matter to be resolved within one year of the order compelling arbitration. As of the date of this Order, this deadline has passed and this matter remains unresolved. The Court finds that any further delay of this case will result in further costs and unnecessarily impede the efficient resolution of this matter. The Court has considered alternative sanctions such as monetary penalties, attorney's fees, or dismissing the case without prejudice. Because Plaintiff is unable to pay the arbitrator's fee, it is unlikely that a monetary sanction or attorney fees would be effective. Further, considering the totality of the circumstances, the Court finds that dismissing the case with prejudice is

appropriate.

## III. CONCLUSION

Here, considering the four factors above, and Plaintiff's failure to respond and comply with this Court's direct order after receiving multiple notices that a failure to comply and respond would result in a dismissal that serves as an adjudication on the merits, the Court finds that dismissal for failure to prosecute is appropriate, and this action is hereby **DISMISSED** with prejudice.

The Clerk is respectfully **DIRECTED** to send a copy of this Order to Plaintiff's address of record.

**IT IS SO ORDERED**.

Signed: April 28, 2015

Frank D. Whitney
Chief United States District Judge